(24 Misc. Rep. 217.)

PALMER v. PALMER et al.

(Supreme Court, Special Term, Oneida County. July, 1898.)

ATTORNEYS AT LAW—LIEN—PRIORITY—SET-OFF.

An attorney's lien acquired under an agreement, followed by an assignment of the after-acquired judgment, is superior to a judgment obtained against the client between the date of the agreement and the assignment.

Action by William H. Palmer against Henrietta Palmer and others to compel the allowance of a set-off. Judgment in part for plaintiff.

Sayles, Searle & Sayles, for plaintiff.
Timothy Curtin, for defendants.

HISCOCK, J. March 6, 1897, a judgment was docketed in favor of the defendant Henrietta Palmer against the plaintiff for the sum of $350 damages, and $91.43 costs; making in all the sum of $441.43. Thereafter, and on or about December 30, 1897, another judgment was docketed in favor of said defendant against said plaintiff for costs upon appeal from said first-mentioned judgment, for $112.15. January 27, 1897, a judgment was docketed in favor of said plaintiff against said defendant for the sum of $298.06. Plaintiff, practically conceding that the costs represented in said first-mentioned two judgments should be paid to the defendant Curtin, who was attorney of record for the defendant Palmer therein, claims that as against the balance of said judgment of March 6, 1897, he should be allowed to set off to the extent thereof the judgment recovered by him against said defendant as above stated. The defendant Curtin, however, claims that by an agreement between him and his co-defendant herein made on or about October 20, 1896, and followed by an assignment of said judgment of March 6, 1897, he has acquired a lien in and upon one-half of the damages represented by said judgment, which is superior to any right of set-off which plaintiff may have. Upon all of the facts, I am inclined to think that this contention is well founded, and that, therefore, plaintiff's only right of set-off upon his judgment is against one-half of the damages included in said judgment of March 6, 1897, with interest from the date of recovery.

Findings and judgment may be prepared to that effect, with costs to defendants,—not exceeding, however, the sum of $40 and taxable disbursements. Ordered accordingly.